URIEL SPENCER *vs.* JOHN D. HOWE AND ANOTHER.

An amendment of a declaration in an action for the breach of a covenant against incumbrances, by which a new count is added, setting forth a new and distinct incumbrance, is not objectionable as changing the ground of the action, within the meaning of the statute which allows amendments that do not change the form or ground of action.

That statute should receive a liberal construction.

Spencer *v.* Howe.

ACTION for the breach of a covenant against incumbrances on land conveyed by the defendants to the plaintiff. The facts sufficiently appear in the opinion of the court.

*Goodwin*, for plaintiff.

*Hall* and *Hitchcock*, for defendants.

HINMAN, J. It is made a question in this case, whether the superior court was justified, under our statute which authorizes amendments of writs and declarations which do not change the form or ground of action, in permitting the plaintiff to add a new and distinct count, setting forth another incumbrance on the land conveyed to him, which existed at the time he took his deed, and claiming damages therefor.

The action was for the breach of the covenant against incumbrances, and of course its form was not changed by this amendment. Was the ground of action changed? In a narrow, restricted, and strictly technical sense it might, no doubt, be so considered, but in *Nash* v. *Adams*, 24 Conn., 33, we said that "our statute, which is an ancient one, has continually been more and more liberally expounded, so as to further the beneficial purpose intended by it, which was to prevent the plaintiff from being put to a new action, where by accident, mistake, or inadvertence, or even by carelessness, he had, in his declaration, made a formal slip, or misdescribed the facts of his case." Now the ground of action in this case may, we think, be fairly considered as the breach of the covenant against incumbrances, and so long as the amendments are confined to mere specifications of this breach, they are such as the court is justified in allowing under this beneficial statute. Whenever a plaintiff misdescribes a writing on which an action is brought, an amendment, which makes the description accurate, may, in a strictly technical sense, be said to change the ground of action, because it appears by the amendment to be grounded on a different instrument, but such amendments are always allowed. We have no hesitation, therefore, in holding that this amendment was properly allowed.

We think that the question, whether a reservation in a deed, in favor of a stranger to the conveyance, passes any title to such stranger, does not properly arise in the case. It is true that the incumbrance in this case originated in such a reservation. But under it the party took possession of his supposed right and has exercised his right for a period of more than fifteen years, without any interruption, though he claimed it as his right. If he had exercised such a right under a void deed he would have gained a title, (*Rogers* v. *Hillhouse,* 3 Conn., 398,) and we do not see that he stands in any different position because he was not himself a party to the deed. We find no error therefore in the rulings or judgment of the superior court, and so we advise.

In this opinion the other judges concurred.