MARIA W. PINNEY, EXECUTRIX, *vs.* EMILY JONES ET AL.

64 545
68 383

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The exceptions to the general rule excluding statements made by a party in his own favor ought not to be extended.

In order that a declaration made by a party in his own favor may be admissible in evidence as part of the *res gestæ*, it is essential that the act which such declaration characterizes or explains should itself be admissible.

If such act is not admissible in evidence, its actual admission, without objection, does not render the accompanying declaration competent.

[Submitted on briefs June 8th—decided July 9th, 1894.]

SUIT for the foreclosure and possession of certain real estate, brought to the Superior Court in New Haven County where the case was referred to the Hon. Elisha Carpenter, State Referee, to hear and report the facts. The report of the State Referee in favor of the plaintiff was accepted by the court, *Prentice, J.,* and the remonstrance of the defendants overruled, and the defendants appealed, for an alleged error of the court in excluding certain testimony. *No error.*

The case is sufficiently stated in the opinion.

VOL. LXIV.—35

*V. Munger*, for the appellants (defendants).

I. The declarations made by Mrs. Jones to her daughter were admissible to corroborate her claim to the possession of the money in question in 1892. The question was, did Mrs. Jones pay Dr. Pinney $1,500, in April, 1893? Mrs. Jones claimed to have had this money for over fifteen years, and that she brought it with her to Ansonia in 1890. The plaintiff claimed that the entire story of the defendants was false. This was a serious charge and the defendants should have been permitted to meet it in every legitimate way. Thompson on Trials, Vol. I., § 574; *Card* v. *Foot*, 56 Conn., 307.

II. The conversation was admissible also as part of the *res gestœ*. Greenl. on Evidence, Vol. I., § 108; *Hermes* v. *Chicago & Northwestern R. R. Co.*, 80 Wis., 490; *Russell* v. *Frisbie*, 19 Conn., 505; *Avery* v. *Clemons*, 18 Conn., 306; Wharton, Crim. Ev., § 263; Rice, Civil Evidence, Vol. I., § 377; *Insurance Co.* v. *Mosely*, 8 Wall., 397; *Johnson* v. *Sherwin*, 3 Gray, 374; *Hunter* v. *State*, 40 N. J. Law, 536; *Garber* v. *State*, 4 Cold. (Tenn.), 161; *Hall* v. *Young*, 37 N. H., 137; *Bank* v. *Kennedy*, 17 Wall., 19; *Potts* v. *Everhart*, 26 Pa. St., 493; *Conville* v. *Brighton*, 39 Me., 337; *Baker* v. *Kelly*, 93 Amer. Dec., 279; *People* v. *Vernon*, 95 id., 50.

A new trial should be granted unless it affirmatively appears that no harm was done by the ruling complained of. *Mead* v. *Husted*, 49 Conn., 346; *Skidmore* v. *Clark*, 47 id., 20; Buckingham's Appeal, 60 id., 143.

*William H. Williams*, for the appellee (plaintiff).

TORRANCE, J. This is an action brought to foreclose a mortgage made to secure a note for sixteen hundred dollars by the defendant, Emily Jones, to Charles H. Pinney, now deceased.

The defendant claimed to have paid upon said note to Pinney during his lifetime, the sum of fifteen hundred dol-

lars, and whether this was true or not was the main fact in dispute between the parties.

The case was tried before the Hon. Elisha Carpenter as State Referee.

For the purpose of showing her ability to make such payment, the defendant offered evidence to prove and claimed she had proved, that at the time when she bought the mortgaged premises in March, 1892, she had in her possession the sum of fifteen hundred dollars, in addition to the sum of five hundred dollars which she had paid on account of said purchase; that this sum of fifteen hundred dollars was in a package in her house; that she moved into the house upon the mortgaged premises in April, 1892, and two or three weeks thereafter, in the presence of her daughter Cora, who was produced as a witness, she counted said fifteen hundred dollars, and after counting the same, deducted fifteen dollars therefrom, and placed the remainder in a tin box and placed the box, with the money in it, in a jar and sealed up the jar with putty; and that after leaving the jar upon a shelf to dry for two or three days, she and her husband, who was produced as a witness, buried this jar in the cellar near the bottom of the stairs, covered it over and placed a paint barrel over the spot where the jar was buried.

While Mrs. Jones was upon the witness stand, her counsel offered to prove by her that some time within two months after the money had been counted as aforesaid, Mrs. Jones requested her daughter Cora to go with her to the said place where the money was then buried, and that thereupon Cora and she went to the spot from the sitting-room above; that Mrs. Jones then and there removed the paint barrel and told Cora that the money was in a pot in the ground, and that she wanted her to know where it was, " for if she should die she wanted her to know about it."

The finding states: " It was not claimed that the earth was removed from over the jar in which the money was claimed to have been placed, or that the jar or other thing, in which it is now claimed the money then was, was so exposed or attempted to be exposed to view. The plaintiff's

counsel objected to the admission in evidence of the conversation between the said Emily Jones and her daughter Cora upon this occasion, and it was excluded; to which ruling the defendant duly excepted."

Mrs. Jones thereafter upon this point testified without objection as follows : " Cora went with me down cellar; went down the cellar steps to the left hand of the stairs just as you go down. I showed her the money; I took the paint barrel and moved it around like this (illustrating) and pointed out to her where the money was concealed; then I set the barrel back on the same spot I had removed it from; then we went upstairs; that she, Cora, was the only person so far as she knew besides her husband that ever knew or was shown where the money was."

The daughter Cora also testified without objection, to her going down in the cellar with her mother and being shown where the money was concealed, substantially as her mother had done.

The referee found that said claimed payment of fifteen hundred dollars had not been made.

To the report made by the referee the defendant filed a remonstrance, setting up as the ground of it, the action of the referee in excluding the conversation aforesaid between Cora and her mother. He further set up therein that the plaintiff claimed that Mrs. Jones did not have said sum of fifteen hundred dollars at any time after 1891, and that her entire story with reference to the possession of said sum was false. The plaintiff demurred to the remonstrance, the court sustained the demurrer, judgment was rendered for the plaintiff, and the defendant appealed.

This appeal presents but a single question, and that is whether the statement made by Mrs. Jones to her daughter was admissible. It is apparent that the defendant obtained the benefit of everything else claimed by her except this statement. She was allowed to testify fully to her acts and conduct in going into the cellar and pointing out the place where she claimed the money was concealed, and from all this Cora understood that the money was there buried. She

says indeed that she there showed Cora the money, but from her own testimony and from other parts of the record it is clear that all she meant by this was that she showed her the place where the money was concealed.     Essentially then, in this view of the matter, all that was excluded was her statement of her reason for having Cora know where the money was concealed; and it is perhaps questionable whether even on the defendant's view of the case the exclusion of that was error.     *Russell* v. *Frisbie*, 19 Conn., 205–211.    And if it was, the case might perhaps be disposed of on the ground that the error did not harm the defendant.    But as we think the evidence was rightly excluded, we prefer to rest the decision upon that ground rather than upon the one suggested.

As we have said, what was done in the cellar was, without objection, fully testified to by both Mrs. Jones and Cora.    What was said was excluded; and that was, in substance, a statement by Mrs. Jones that the money was buried there in a jar, and that she wanted to have Cora know, for a reason then stated, where it lay.    The defendant strenuously insisted that this statement characterized the act of Mrs. Jones in going to the cellar and doing what she did there, and was admissible in corroboration of her claim to the possession of the money, and as part of the *res gestæ;* and in support of these claims he relies mainly upon the case of *Card* v. *Foot*, 56 Conn., 369.

The general rule is that a party cannot give in evidence his own declarations in his own favor, made in the absence of the other party; but there is one well recognized exception to this rule, where such declaration is part of, what for want of a better name, is called the *res gestæ.    Kilburn* v. *Bennett*, 3 Met., 199 ; *Stirling* v. *Buckingham*, 46 Conn., 461. The nature and limits of this exception are tolerably well defined, although the application of the rule embodied in the exception in particular cases, is sometimes attended with difficulty.    That rule is thus stated in Starkie on Evidence (10th Ed.), 466–687 : " In the first place, an entry or declaration accompanying an act seems, on principles already announced, to be admissible evidence in all cases where a

question arises as to the nature or quality of that act. Indeed, whenever an entry or declaration reflects light upon, or qualifies, an act which is relevant to the matter in issue and is evidence in itself, it becomes admissible as part of the *res gestæ,* if it be contemporaneous with the act."

According to this writer, before a written declaration made by a party in his own favor can be admissible as part of the *res gestæ,* the act which it characterizes and of which it forms a part must be itself admissible in evidence in the case; and so are the authorities. " Where an act done is evidence *per se,* a declaration accompanying that act may well be evidence if it reflects light upon or qualifies the act. But I am not aware of any case, where the act done is, in its own nature, irrelevant to the issue, and where the declaration *per se* is inadmissible, in which it has been held that the union of the two has rendered them admissible." COLTMAN, J., in *Wright & Doe* v. *Tatham,* 7 A. & E. 361 ; *Gresham Hotel Co.* v. *Manning,* 1 Irish Rep. C. L., 125. " *Res gestæ* are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Stirling* v. *Buckingham,* 46 Conn., 461. " When the act of a party may be given in evidence, his declarations, made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence. There must be a main or principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it." *Lund* v. *Tyngsborough,* 9 Cush., 36.

It follows that if the act of Mrs. Jones, irrespective of the accompanying statement, was not in itself admissible in evidence, then the statement was inadmissible ; and the fact that the act was admitted without objection does not make the accompanying statement legal evidence. The question then is whether what Mrs. Jones did upon the occasion in question, was *per se* admissible as evidence in the case, and

we are clearly of the opinion that it was not.  It was offered and received as an act tending to show that she then had this money in her possession ; but rightly considered it was not in any proper sense, within the meaning of the rule in question, an act or transaction at all.  It is true there were the physical acts of going downstairs, and over to where it was supposed the money was buried, and the moving of the paint barrel, and the pointing to or otherwise indicating a certain spot of earth, but that was all.  There is nothing in all this tending in the least to show that the money, or the receptacle which had contained it, were then in the spot pointed out.  For aught that appears all that Mrs. Jones could then know or say about the money was —not that it was then there—but that she had put it there some time before, and believed it was there then ; and neither she nor Cora then knew, or could know that the money was then in the possession of Mrs. Jones, or even in existence at all.  Nothing whatever was done by either of them with, or with reference to, the money or the jar ; they were not seen, handled, nor dealt with in any manner whatsoever.  Essentially the so-called act or acts of Mrs. Jones are but statements or declarations that she, had buried the money there some time before, and believed it was there then.

Suppose Mrs. Jones and her daughter had remained upstairs, and Mrs. Jones had said to Cora : " I put the money you saw me count the other day into a tin box and the box into a jar, and buried the jar in the cellar to the left hand of the stairs just as you go down, and put a paint barrel over the spot where they now are ; I tell you this so that in case of my death you will know where to find the money " —could any one successfully contend that such a statement was admissible ?  Clearly not.  It would be a mere naked statement or declaration of a past transaction in the party's own favor, and would clearly fall within the general rule of exclusion.  But the supposed case does not differ essentially from the real case ; for in the one Mrs. Jones indicates and describes the place where she buried the money by words, and in the other she indicates and describes it by acts ; and

the result of both is but a statement or declaration to Cora that the money had been buried there, and that Mrs. Jones believed it was there at that time. That in the one case this information is conveyed to Cora by words, and in the other by acts, can make no difference; in both the result is only and solely information conveyed.

The difference between an act of the kind here claimed, and the acts done in *Russell* v. *Frisbie*, 19 Conn., and *Card* v. *Foot*, 56 Conn., is quite obvious. In the former case the defendant was allowed to prove what he said to one Hempstead, when he handed to him for safe keeping the ship's papers, which defendant had taken from a vessel of his in order to revoke the authority of her captain; in the latter the plaintiff was allowed to prove what she said to Miss Lyon when she delivered to her for safe keeping the package containing the plaintiff's bonds. In both of these cases the declarations allowed accompanied, grew out of, formed part of, and of course qualified and characterized, acts which themselves were clearly admissible to prove the then possession and disposition of the ship's papers in the one case, and the bonds in the other. The acts were not in effect mere declarations, but acts of possession and disposition in a real and true sense.

In the case at bar this is not so. There the so-called act is itself, in effect, but a statement or declaration. Nothing was transacted, nothing was done, nothing was transpiring, evident to any witness, which could confirm the declarations excluded, or by which upon cross-examination, or otherwise, the truth of those declarations could be tested. " Declarations accompaning acts are a wide field of evidence, and to be carefully watched," said WILLIAMS, J., in *Queen* v. *Bliss*, 7 A. & E., 556, a good many years ago; and we think this " field " should still be carefully watched.

The exceptions to the general rule excluding statements made by one in his own favor, ought to be strictly limited; certainly the scope of the exception in question ought not to be extended to a case like the one at bar. For the reasons given the claimed act or acts of Mrs. Jones were not

admissible, and should, and on objection probably would, have been excluded. They were however admitted and of this the defendant does not, and cannot justly, complain; but, on objection, the statement accompanying the claimed act was excluded, and we think was rightfully excluded.

There is no error.

In this opinion the other judges concurred.