## The C. B. Alling Realty Company *vs.* Max Olderman.

Third Judicial District, New Haven, January Term, 1916.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The actual, uninterrupted use of a passway under a claim of right by the owner of abutting land, for more than fifteen years in going to and from the rear of his premises to the highway, is all that is essential to the acquisition of a title by prescription; and the fact that the use began as the result of an oral, or otherwise invalid or ineffective, grant by the owner of the passway, instead of militating against the adverse character of the use only serves to emphasize it.

If the user of a passway under a claim of right becomes the executor of the fee owner, that may interrupt the continuity of the user's adverse possession, upon the theory that as long as he remains executor his possession must be regarded as that of the estate and not his own; but becoming such executor does not alter the rights of the user acquired under a continuous adverse possession which had already existed for the requisite period.

In the present case the plaintiff acquired its title to all the land in a city block owned by a certain decedent, including the passway in question, under a quitclaim deed of one B, the decedent's executor. This deed referred to others granting rights of passway, giving their dates and volume and page of the record, and recited that the premises therein conveyed by the executor were subject to the incumbrances created by the deeds referred to. *Held* that the defendant was not estopped, by the execution and delivery of B's deed as executor, from claiming that B had theretofore acquired, personally, by adverse user and enjoyment, a right to the passway in question.

A finding that the defendant and those under whom he claimed title, had been in the continuous and uninterrupted use and enjoyment of the passway for a period of fifteen years and more, is not to be controverted by this court upon appeal merely because the date of the commencement of the use is not stated as definitely and precisely as possibly it might have been.

Declarations of a decedent tending to prove that the alleged adverse use of his land by another was by license or permission of the declarant, are statements in his own favor and consequently are inadmissible.

Mere recitals of past occurrences are not admissible in evidence as a part of the *res gestæ.*

Claims of law not made in the court below are not entitled to considera-
tion here.
A right of passway appurtenant to land conveyed, attaches to the
whole lot and to each and every part of it; and if the lot is sub-
sequently divided, and the piece sold no longer abuts upon the
passway, the benefit of the easement still remains in so far as means,
through adjoining land, may render the way accessible.
A conveyance of land with "its appurtenances" carries with it an ap-
purtenant right of way.

Argued January 19th—decided March 15th, 1916.

ACTION to recover damages for, and for an injunction
to restrain the commission of, continuing trespasses
by the defendant upon land of the plaintiff, through
the claimed use of a right of way, brought to and tried
by the Court of Common Pleas in New Haven County,
*Simpson, J.;* facts found and judgment rendered in
favor of the defendant, and appeal by the plaintiff.  *No
error.*

On February 15th, 1869, and for sometime prior
thereto, Amos H. Alling and Charles B. Alling were
the owners of practically all of an undeveloped tract
of land in Derby bounded north on Third Street, east
on Elizabeth Street, south on Main Street, and west
on Olivia Street.  On that day the Allings conveyed
to Grove and Darius Camp a lot in the northwest
corner of this tract, having a frontage on Olivia Street
of sixty feet and extending back on Third Street one
hundred feet.  The parties in interest, soon after the
conveyance, caused the lot to be fenced, and the Camps
built a tenement building upon it, which still stands
there and occupies the north half of the lot for prac-
tically its full depth.  December 5th, 1881, the Camps
conveyed this lot to George L. and William E. Beards-
ley.  Subsequently William E. Beardsley quitclaimed
his interest to George L. Beardsley, who continued
in the ownership of the property until February, 1910,
when he died.  In June of that year his interest, in-

cluding any and all rights in the passway, was conveyed to this defendant, who still owns the property.

March 9th, 1887, the Allings conveyed to one Dennis H. Kelly a lot of land in the northeast corner of said tract. This lot extended on Elizabeth Street sixty-five feet from the corner of Third Street, and on Third Street eighty-four feet. A strip of land was thus left between the rear of the land conveyed to Kelly and the rear of the Beardsley property, described in various deeds as sixteen feet in width, but measuring, as at present fenced, a little over seventeen feet. At this time the Allings opened up this strip of land, extending from Third Street to the southern boundary of the Kelly land, as a private alley or passway, and conveyed to Kelly, "in common with the grantors and their grantees, the use of a private right of way" over said strip.

April 30th, 1892, the Allings conveyed to Charles Nettleton a tract fronting on Elizabeth Street thirty-one feet, and lying forty-eight feet south of the Kelly land, and extending back from Elizabeth Street eighty-four feet. At this time the passway was extended to the southerly line of the land conveyed, being one hundred and forty-four feet from Third Street, and the conveyance to Nettleton granted to him, his heirs and assigns, "the right to pass and repass on foot and with teams for all reasonable purposes, in common with others to whom the right may be granted," over the strip of land included within the passway, which, by the terms of the deed, was "to be forever kept open and unencumbered and free for the use as and for a private alley and passway, for the use in common of the owners and occupants of land bordering on the same, and upon any continuation of the same that may be made southerly and westerly to Elizabeth Street."

June 27th, 1893, the Allings conveyed to Kelly a lot lying immediately south of the Beardsley lot and having a frontage on Olivia Street of thirty-one feet and a depth of one hundred feet. This lot was described in the conveyance as extending back to the passway, which was defined by reference to the Nettleton deed. The right to use the passway was conveyed to Kelly, his heirs and assigns, and it was covenanted that it was "to be forever kept open and unencumbered and free for use as and for a private alley and passway, for the use in common of the owners and occupants of land bordering on the same."

The Allings made other conveyances of lots, included in their original ownership, in which references to said passway were made.

September 20th, 1911, Kelly conveyed to the defendant the front portion, fifty-seven feet in depth, of the lot above described lying next south of the Beardsley lot, together with its appurtenances. Subsequent to this purchase he erected, partly on the land thus acquired and partly on the south portion of the Beardsley lot and extending to within a short distance of the tenement house built thereon by the Camps, a building containing eight tenements and two stores. Since its erection the defendant, by crossing the Beardsley lot, has used the passway for the purposes of access to and egress from the rear of this building, including that portion of it which stands upon the Kelly tract as well as that portion which stands upon the Beardsley lot.

When the Beardsleys in 1881 first acquired the lot, which the defendant now owns, there was no way of passage to and from Olivia Street to the rear of the tenement house built thereon because of a high rock wall and embankment along Olivia Street. At first the Beardsleys began to use the passway for this pur-

pose by removing a section of the fence which stood upon the boundary line between it and their lot. Concerning their use the court's finding is as follows: "Sometime between 1887, the year when the passway was laid out, and 1891, the said Beardsley began to use the passway to go to and from the rear of his premises for various purposes, and from that time down to the bringing of this suit, the said Beardsley and his successors in title, including the defendant, have continued the actual and uninterrupted use of said passway as of right, for the purpose of going to and from the rear of said premises on foot and by team, by themselves and servants and tenants, for various purposes, such as removing night soil and garbage, and taking in wood, coal and furniture, and it is found that the use of said passway, for the purposes stated, was granted to the said Beardsley by the said Allings sometime between said dates." It does not appear that the character of the use has changed during this time, or that it is different in kind or extent to-day from what it was originally.

About 1891, under some arrangement between George L. Beardsley and one of the Allings, the nature of which did not appear, a gate was put in the boundary fence. This gate was used under the direction of the Beardsleys until about the time of George L.'s death, in February, 1910. After that time the fence and gate gradually disappeared, and about the time of the bringing of this suit had almost altogether disappeared.

Sometime in 1914, prior to the bringing of this action, the plaintiff erected a tight board fence shutting off access to the passway from the Beardsley lot. The defendant thereupon removed a section of it for the purpose of regaining such access. The plaintiff claims the right to maintain the fence as erected by it, and to prevent the defendant from using the passway.

The defendant claims the right to use it as he has been using it, and to remove any obstruction to such use.

April 1st, 1905, the title of the Allings, both of whom were then deceased, in the passway and other land in said block, together with all their interest therein, was conveyed to the plaintiff, that of Amos H. Alling being by deed of George L. Beardsley as executor of his will.

*Harold E. Drew*, with whom was *William S. Downs*, for the appellant (plaintiff).

*Robert L. Munger*, for the appellee (defendant).

PRENTICE, C. J. The defendant owns two contiguous tracts in connection with which he claims the right to use the passway in question for purposes of access to and egress from his premises. One of these tracts came to him through the Beardsleys, who became its owners in 1881 and continued to own it, both or one of them, until 1910, when the title passed to the defendant. The conveyance of it to the Beardsleys was made when the surrounding property was in an undeveloped state, and before the passway was in existence. The deeds to them and to their predecessors in title contained no grant of a right of way over the land included in the passway, and by no subsequent deed or writing, in so far as appears, was any such right given to the Beardsleys, or to either of them, or to the defendant. Any right which may at present exist in favor of the defendant as the landowner must have been derived in some other way.

The finding upon this subject is that sometime between 1887, the year when the passway was laid out, and 1891, Beardsley began to use it to go to and from the rear of his land for various purposes in connection with his premises, similar in character to those for

which it is now used; that from that time down to the bringing of this suit, he and his successors in title have continued in the actual and uninterrupted use of the passway for such purposes as of right; and that the use of the passway for the purposes stated was granted to Beardsley by the Allings sometime between those dates. By an obvious mistake the finding at this point makes use of the singular "Beardsley" instead of the plural "Beardsleys," due doubtless to momentary forgetfulness that William E. Beardsley was for a time an owner in common with George L. Beardsley, whose ownership covered the entire period from 1881 to 1910. For our purposes they may well and conveniently be treated, as the finding treats them, as one.

In this finding appear all the elements necessary for the acquisition of title by prescription. The use was necessarily open and visible; it was continuous and uninterrupted for fifteen years; and it was under a claim of right. *School District* v. *Lynch*, 33 Conn. 330, 334. The fact that the use began as a result of a grant, whether one by parol or one otherwise ineffective or invalid, instead of militating against the adverse character of the use only emphasizes it. Such grant, although without legal validity, was not only entirely consistent with possession or enjoyment under a claim of right, but furnishes a natural basis for and prima facie evidence of such possession and enjoyment. *Legg* v. *Horn*, 45 Conn. 409, 415; *Clark* v. *Gilbert*, 39 Conn. 94, 97; *Spencer* v. *Howe*, 26 Conn. 200, 202; *Comins* v. *Comins*, 21 Conn. 413, 416; *South School District* v. *Blakeslee*, 13 Conn. 227, 235; *Griswold* v. *Butler*, 3 Conn. 227, 246; *Rogers* v. *Hillhouse*, 3 Conn. 398, 403.

The plaintiff, however, insists that this finding, that the adverse use was continuous and uninterrupted for the required period, was unwarranted and disproven

by the fact, appearing, as it says, by the finding that
there was a period when George L. Beardsley was
executor of the last will and testament of Amos H.
Alling, and that his possession at that time must be
regarded as that of his testator and not his own, ad-
verse to the interest of the estate he thus represented.
This claim appears not to have been made below, and
is not made the basis of a reason of appeal, unless it
be very indirectly involved in the general language
of one or two of them.   Clearly the finding was not
made with any relation to it.   It is not even found
that Beardsley ever was such executor, or when he
became such.   The only thing in the finding which
this plaintiff can use to base its claim upon, is an inci-
dental statement in the recital of the various convey-
ances made by or to the parties and their privies, that
Beardsley, as executor of Amos H. Alling, made, under
date of April 1st, 1905, a conveyance to the plaintiff
of the interest of Alling in certain property.

That matter aside, the court's finding of a con-
tinuous adverse use and enjoyment for fifteen years
and more would not necessarily be negatived by the
exclusion of time from and after April 1st, 1905.   Fif-
teen years prior to that time would carry the time back
to April 1st, 1890, while the finding is that the grant
to Beardsley was made sometime between 1887, when
the passway was laid out, and 1891, about the time
the gate was built in the fence, and that Beardsley's
adverse use began between those dates.   As more
definitely fixing the precise date, the finding is that,
before the gate was built, the passway having been
then open about four years, Beardsley made use of it
by removing a section of the fence on the boundary
line between it and his land.   We should not be justi-
fied in holding that the requisite period of uninter-
rupted adverse use had not run, in the face of the court's

finding that it had, without more definite and certain information than the record furnishes, which the plaintiff should have supplied, or, by adequate notice of the question desired to be reviewed, prompted the court to supply.

The plaintiff further claims that the court erred in giving effect to Beardsley's use of the passway prior to April 1st, 1905, as adverse, because of an estoppel arising from the deed given by him as executor of Amos H. Alling's last will and testament already referred to. This deed was a quitclaim, and without warranty of title, of Alling's interest in several pieces of land. Included in one of them is the passway. The deed incidentally recites, in connection with this tract, that it embraces all rights and privileges appurtenant to it contained in a number of recorded deeds and agreements referred to specifically by date and volume and page of the record, and adds that the premises are conveyed subject to the incumbrances thereby created. Among the deeds thus referred to is one by the Allings to one Nettleton, of property adjoining the passway, including rights therein. This deed recites that the passway should be kept open, unincumbered and free, for the use in common of the owners and occupiers of land bordering on it and upon any continuation of the same that might be made southerly and westerly to Elizabeth Street. Doubtless Beardsley believed that his rights were recognized and sufficiently noticed by this provision, repeated in at least one other of the referred to deeds of property adjoining the passway. He professed to be giving the state of the title by recorded deeds. We fail to discover any sufficient basis for the asserted estoppel.

For the purpose of showing that Beardsley's use of the passway was under a license from the Allings, the plaintiff inquired of two witnesses concerning con-

versations had by them with Charles B. Alling as to
how the gate came to be built, and concerning Alling's
declarations made in those conversations.  The court
having, against the plaintiff's contention, ruled that,
if the conversations were claimed as tending to estab-
lish a license, they were inadmissible as being declara-
tions in the declarant's own favor, counsel for the plain-
tiff ineffectually urged their admission as part of the
*res gestæ.*

The evidence was rightfully excluded.  It was hear-
say testimony.  The declarations sought to be shown
were in the declarant's favor, since their tendency
was to advance his interests and to defeat the claims
of another adverse to them.  *Smith* v. *Martin*, 17 Conn.
399, 401.  They were recitals of what had occurred,
not declarations accompanying and characterizing
an act, and, therefore, not a part of the *res gestæ.*  *Pin-
ney* v. *Jones*, 64 Conn. 545, 549, 30 Atl. 762.

The remaining reason of appeal is to the effect that
the court erred in rendering judgment in favor of the
defendant, in spite of the fact established that the
defendant had been and was making use of the passway,
through the gate in the rear of the Beardsley lot, in
connection with the tract south of that lot which he
acquired from Kelly and in connection with the build-
ings thereon, and that he claimed the right to continue
such use.  The court has found that no claim was made
below that the plaintiff was entitled to some judgment,
even if the defendant succeeded in establishing his
right to use the passway for the purposes of access
to and egress from the Beardsley tract, and that might
well end the matter here; but the judgment as rendered
finds further justification in the facts found.  Kelly
acquired his title from the Allings, who, in 1893, deeded
to him, his heirs and assigns, a lot thirty feet front,
extending from Olivia Street to the passway, together

with the right to use the passway in common with others. The easement thus granted was clearly not a personal one, but one appurtenant to the land conveyed. As such, it was appurtenant to the whole lot and to each and every part of it. *Sweeney* v. *Landers, Frary & Clark*, 80 Conn. 575, 581, 69 Atl. 566; *Blanchard* v. *Maxson*, 84 Conn. 429, 433, 80 Atl. 206. The deed of Kelly to the defendant of the front part of the lot did not, either by virtue of the division or of its detachment from the portion adjoining the passway, destroy the easement as appurtenant to it, or deprive it of the benefit of the easement in so far as there might exist means for its enjoyment. In the present case such means existed through access to the way over the Beardsley lot. Kelly's deed to the defendant did not, in specific terms, convey the right of way, but it did expressly grant the land with its appurtenances, and, by the force of that language, the easement as appurtenant to the land conveyed passed to the defendant. *Blanchard* v. *Maxson*, 84 Conn. 429, 434, 80 Atl. 206.

There is no error

In this opinion the other judges concurred.