DENA G. KAIKO *v.* SHELDON DOLINGER

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 2—decision released June 30, 1981

*Robert B. Basine,* with whom, on the brief, was *William J. Luby,* for the appellant (plaintiff).

*John A. Berman,* with whom, on the brief, was *Joan G. Guiney,* law student intern, for the appellee (defendant).

PARSKEY, J. The parties hereto are adjoining owners of residential property on Prospect Avenue in Hartford. Between the two properties lies a paved driveway approximately half of which is located on each lot. The plaintiff brought an action to quiet title to her land in which she sought an injunction restraining the defendant from using any portion of the driveway on her land. The defendant filed a counterclaim in which he claimed an easement by prescription over the plaintiff's portion of the driveway. The trial court found for the defendant both on the complaint and on the counterclaim and the plaintiff has appealed. The trial court concluded that the defendant and his predecessor in title had acquired a right of way over part of the plaintiff's premises. In response to our request for specific articulation pursuant to Practice Book § 3060D the trial court responded that "[s]uch easement is too indefinite to be specifically defined." Because the indefinite nature of the purported easement is dispositive of the appeal, with the exception of the court's evidential ruling, we shall limit our discussion to that aspect of the case.

"To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83." *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 463, 338 A.2d 470 (1973). The prescriptive right extends only to the portion of the

servient estate actually used; *Horowitz* v. *F. E. Spencer Co.,* 132 Conn. 373, 376, 44 A.2d 702 (1945) ; and is circumscribed by the manner of its use. *Hawley* v. *McCabe,* 117 Conn. 558, 560, 169 A. 192 (1933). A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty. *Taylor* v. *Dennehy,* 136 Conn. 398, 404, 71 A.2d 596 (1950) ; *Aksomitas* v. *South End Realty Co.,* 136 Conn. 277, 281–82, 70 A.2d 552 (1949). Because, on the basis of the evidence presented, the trial court was unable to determine the bounds of the right of way with reasonable certainty, its judgment cannot stand. A review of the trial transcript, however, discloses that on a new trial this requirement could be satisfied. In view of this, the defendant should be given an opportunity to do so. *Aksomitas* v. *South End Realty Co.,* supra, 285.

The plaintiff called as a witness Robert Powell, an attorney who represented William Liebe, the plaintiff's predecessor in title. Powell was asked to relate a conversation he had with his client regarding the Prospect Avenue property a few months prior to Liebe's death in 1964. In response to the defendant's objection to the question on the ground of hearsay, the plaintiff claimed the admissibility of the conversation as an exception to the hearsay rule because it involved the declaration of a deceased owner of property regarding the use or title of his property. The evidence was excluded but the ground of admissibility that the plaintiff advanced at trial has not been pursued in his brief and we therefore treat it as abandoned. *Manley* v. *Pfeiffer,* 176 Conn. 540, 541, 409 A.2d 1009 (1979).

In her brief the plaintiff now claims the admissibility of the Liebe conversation as part of the res

gestae. On the basis of the familiar principle that a party who states a ground for an evidential claim before the trial court is limited on appeal to the ground asserted; *State* v. *Adams,* 176 Conn. 138, 144, 406 A.2d 1 (1978); we are not required to consider this claim. Because, however, this matter is likely to arise on retrial, we have decided to address it.

The res gestae exception to the hearsay rule admits certain declarations which accompany relevant acts. The res gestae are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it and serve to illustrate its character. *Pinney* v. *Jones,* 64 Conn. 545, 550, 30 A. 762 (1894). If the act is inadmissible then the accompanying statement is also inadmissible and the fact that evidence of the act was admitted without objection does not make the declaration legal evidence. Id., 550.

To prove his claim of an easement by prescription the defendant had the burden of proving, inter alia, that his use and his predecessor's use of the driveway in question were of right, that is, without recognition of the rights of the servient tenement. *Putnam, Coffin & Burr, Inc.* v. *Halpern,* supra, 515; *Aksomitas* v. *South End Realty Co.,* supra, 281. Because a use by express or implied permission cannot create an easement by prescription; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* supra, 515; *Sachs* v. *Toquet,* 121 Conn. 60, 66, 183 A. 22 (1936); the thrust of the plaintiff's response was to demonstrate that at least during part of the fifteen year period whatever use was made of the plaintiff's portion of the driveway was done as a result of a license by the plaintiff's predecessor in title. Liebe's

declarations at the most would have constituted recitals of what had occurred, rather than declarations accompanying and characterizing an act. As such, they are not part of the res gestae. *Alling Realty Co.* v. *Olderman,* 90 Conn. 241, 250, 96 A. 944 (1916).

There are those who say that, in view of the expanded exceptions to the hearsay rule and the vagueness and imprecision of the phrase res gestae, the ancient phrase ought to be jettisoned because it has outlived its usefulness. See, e.g., McCormick, Evidence (2d Ed.) § 288. Whatever the merit of that suggestion, the least that can be said is that the bare incantation of the Latin phrase is not the open sesame for the admission of otherwise inadmissible evidence.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.