[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute over the defendants' right CT Page 8697 to use a portion of the plaintiff's land located off Purdy Station Road in Newtown, Connecticut, for access to their own land to the north. The defendants' father, John W. Leibold, Sr. (hereinafter "father"), acquired title to defendants' property by warranty deed in 1939. The father was a farmer who lived approximately two miles away from the property and used the property as a wood lot from 1939 to 1977.
From 1939 to 1977, the father gained access to his property over the property then owned by Zimmer, and made continuous, intensive use of this accessway and would typically haul wood over the accessway each fall. Although the heaviest use of the property would normally occur in the fall (sometimes up to 100 cords of wood would be removed each year), the accessway was also used for the purpose of cutting wood during the winter, spring and summer of each year. At first, wood was taken out by horses and horse drawn wagon, but later a farm tractor and trailer were used.
There was never a problem using the accessway for access to the property and the father never asked permission of the Zimmers, instead maintaining that he had the right to pass over this accessway. Although there were other wood roads throughout the area, these roads are difficult and were never used in the ordinary course of the wood lot operation. The father's use of the right of way was continuous and uninterrupted from the purchase of the lot in 1939 until his death in 1977. Upon their father's death, Robert Leibold and his brother, John M. Leibold, acquired title to the property. Robert Leibold continued to use the road until recently for various trips to inspect the property and he last traversed the road by tractor in 1988 or 1989.
The accessway is shown on a map prepared by David L. Ryan, Land Surveyor at the defendants' request. (Plaintiff's Exhibit J.) The "wood road" as shown on Exhibit J is an accurate location of the accessway in accordance with the standards of accuracy of a Class A-2 survey.
The court viewed the premises in the presence of counsel and notes that the accessway is readily visible and, from the testimony of the witnesses and the observations of the court, is 8 feet in width throughout its length.
The westernmost portion of the path across plaintiff's CT Page 8698 property is located approximately 14 feet from the plaintiff's easterly boundary. The path then proceeds north along the easterly boundary for approximately 150 feet, plus or minus, and enters Plot B adjoining the plaintiff's property. The path, however, never coincides with the easterly boundary of the plaintiff.
On August 18, 1988, the plaintiff acquired title to Plot C by quitclaim deed from the Hospice Institute for Education Training and Research, Inc. On October 18, 1989, the plaintiff brought this action to quiet title to Plot C and seeking damages for slander of title. The defendants have counterclaimed claiming fee title by adverse possession and a prescriptive easement over Plot C.
Section 47-37 of the Connecticut General Statutes provides: "No person may acquire a right of way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." In order to acquire a right of way by prescription, there must be a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Kaiko v. Dolinger, 184 Conn. 509, 510, 440 A.2d 198 (1981). The prescriptive right extends only to the portion of the servient estate actually used and is circumscribed by the manner of its use. Id. A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty. Id. In Connecticut, although the burden of proof is on the party claiming a prescriptive easement, there is no presumption of permissive use to be overcome. All that is required is a showing by a fair preponderance of the evidence that the use was adverse. Reynolds v. Soffer, 190 Conn. 184,188, 459 A.2d 1027 (1983). In Connecticut, use under "claim of right" means a use that is made without recognition of the rights of the owner of the servient tenement. Kaiko v. Dolinger, supra, 512.
"In this case, the accessway was used intensively, continuously and without interruption from 1939 until 1977 when the father died. The use was open for all to see and the marks left by this use upon the land are visible to this very day. In fact, both the plaintiff's surveyor and the defendants surveyor were able to see the signs of this previous use. This use was made under a claim of right and CT Page 8699 defendants' father never sought permission from the land owner. The use has clearly defined the bounds of the accessway with reasonable certainty because both surveyors have agreed in their location of the accessway on their respective surveys. Under the test laid down by the case law and the statute, the father and the defendants acquired the right to use the accessway as depicted on Exhibits J and O for access to their property. This accessway was used by Robert Leibold and his brother, John Leibold, after their father's death while they owned the property. The defendants proved that their use and their predecessor's use of the accessway was open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Kaiko v. Dolinger, supra, 512.
The use of the right of way claimed was for the limited purpose of drawing wood from the Leibold property to Purdy Station Road and gaining access to the property to process the wood.
A prescriptive right of way extends only to the portion of the servient estate actually used. It is circumscribed by the manner of its use. Kaiko v. Dolinger, supra, 510, 511.
It is well settled that when an easement is established by prescription, the common and ordinary use which establishes the right also limits and qualifies it. The manner of use determines the extent of the presumed grant which does not extend beyond the user in which the other party has acquiesced. Hawley v. McCabe, 117 Conn. 558, 560
(1933).
The plaintiff offered no evidence to establish her claim that her title, derived through a series of quitclaim deeds, was somehow slandered by the defendants' legitimate claim to a prescriptive easement. Similarly, the plaintiff proved no damages resulting from the alleged "slander" of her title.
For the foregoing reasons, this court enters judgment for the defendants on both counts of the plaintiff's complaint and enters judgment on the defendants' counterclaim holding that they have a prescriptive easement to use an accessway 8 feet wide and running along the easterly property line of the plaintiff's property from its southerly boundary for a distance of 150 feet, as shown on Exhibit O and Exhibit CT Page 8700 J, for access to their property for the limited purpose of drawing wood from the Leibold property to Purdy Station Road and access to said property by cutting crews and their equipment, no greater in width than 8 feet, to process trees into firewood. Plaintiff is enjoined from interfering with or attempting to prevent defendants or their agents or assigns from passing over or using said accessway for the limited purposes aforesaid.
Stodolink, J.