[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action for quiet title, brought to the court in January of 1997, plaintiffs Edward Learned and Belinda Learned seek to quiet title to a claimed easement running from their property on Kuehn Road in the State of Rhode Island for a distance of slightly less than a mile over property owned by the defendants Shawn Ward and Andrea Willets-Ward. The alleged right of way passes within feet of the garage of the Ward house near the junction of the Ward property with Pine Woods Road in the town of North Stonington, State of Connecticut.
Plaintiffs claim both an easement by deed and an easement by prescription. For the reasons discussed herein, the court finds that plaintiffs have failed to meet their burden of proof on either claim.
The court understands that burden of proof to be proof by a preponderance of the evidence and not, as is the case with adverse possession, proof by clear and convincing evidence.Reynolds v. Soffer, 190 Conn. 184, 188, 440 A.2d 198 (1981);Clark v. Drska, 1 Conn. App. 481, 484, 473 A.2d 325 (1984).
With respect to plaintiffs' claims of an easement by deed, the plaintiffs' chain of title contains only one specific reference to the claimed easement, and that is in the deed from Lloyd B. Wright and Winifred G. Wright to Edward C. Learned and Belinda J. Learned dated December 1, 1992 and received for record on that day. That deed says, "together with all of the grantors' rights CT Page 4601 in and to the two (2) rights of way as of record will appear, one called the Old Road and the other called the Pentway leading to the house formerly of Walter G. and Alta K. Main." That deed (Defendants' Exhibit 11 in the consolidated case tried to the jury before this judge simultaneously with the court trial) makes reference to the deed into the Wrights, that is the deed from Harold and Alta K. Armstrong dated July 19, 1972 and duly recorded in the land records of the town of North Stonington. That deed makes no specific reference to the existence of these two rights of way, but, of course, had the Armstrongs been the owners of an easement, it would have passed with the "habendeum" clause, as long as such a clause includes the phrase "with all the appurtenances" thereto. Chaput v. Clarke, 26 Conn. App. 785,792, 603 A.2d 1195 (1992), Blanchard v. Maxson, 84 Conn. 429,434, 80 A. 206 (1911).
The chain of title of the defendants contains the January 19, 1996 deed to the defendants from Irene P. Hultkrans. That deed conveys property to the defendants "subject to such rights of way as of record appear". The first, last and only specific mention of a right of way in the defendants' chain of title is the language which was echoed in the 1992 deed into the plaintiffs, and that language is contained in Defendants' Exhibit 12 in the companion case, the administrator's deed conveying property from the estate of Nelson Perry Main to George H. Hultkrans. That deed, dated May 3, 1946 conveyed the premises to Mr. Hultkrans "subject to two rights of way as of record will appear, one called the old road and the other the pentway leading to the house of Walter G. and Alta K. Main". There is absolutely no evidence of any specific rights of way appearing "as of record" in the earlier deeds in the chain of title of the land conveyed to Mr. Hultkrans by this 1946 deed. Nor, for that matter, was there any evidence of easements appearing "as of record" in plaintiffs' chain of title.
The court finds that the description of the right of way is woefully inadequate, to convey an easement by deed. Indeed, the draftsman did not purport to describe the easements, choosing instead to refer to "rights of way as of record will appear". Those rights of way have not appeared in the evidence in this case, and that absence is fatal to the plaintiffs' claim of an easement by deed. The construction of deed language is a question of law, the court's task being to determine that the intent behind the language, considered in the light of all the surrounding circumstances. Contegni v. Payne, 18 Conn. App. 47, CT Page 4602 51, 557 A.2d 122 (1989). The court cannot construe the deed language to support the existence of the easement claimed by the plaintiffs. A description by metes and bounds is certainly not required to convey an easement by deed, but there should be some indication as to the two terminii of the right of way. One terminus is certainly the "house of Walter G. and Alta K. Main", but where is the other? While plaintiffs claimed it was the "pentway", and not the "old road" that was their easement, there is nothing in the deed language to support that conclusion.
Furthermore, although the defendants now own all of the land to the south of the plaintiffs' property, that was not the case when this lawsuit was instituted in 1997. As Plaintiffs' Exhibits 24 and 25 clearly show, the claimed right of way travels for some considerable distance from the south boundary of the plaintiffs' property over property which was referred to throughout the trial as the "Belden parcel". While this litigation was pending the defendants purchased the Belden parcel from its owners and at the time of trial were the owners of all the property abutting the plaintiffs' property to the south. There has been no evidence adduced to show where or when the "Belden parcel" came from in terms of chains of title. Thus, there is no evidence that at the time that Mr. and Mrs. Learned obtained their property in 1992, either the defendants' predecessor in title or the plaintiffs themselves owned the Belden parcel. Therefore, even if the court were to construe the deed in the defendants' chain of title as actually describing a valid right of way, the claim of easement by deed must fail because it cannot affect that portion of property now owned by the defendants referred to as the "Belden parcel". Thus, Mr. and Mrs. Learned's claim to an easement by deed has not been proven.
With respect to the claim of easement by prescription the court heard considerable evidence about the use of the property over a great many years. There is no question that the activities of Mr. Learned, from the moment he owned the property, (or at least as soon as the weather permitted after he assumed ownership in December of 1992) was busily engaged in clearing the right of way. By Mr. Learned's own testimony he cleared the right of way with the assistance of his family for several hours a week over a number of years. This clearing involved the cutting of trees as thick as four and six inches in diameter. It is clear to the court that this activity of the plaintiffs, which included driving vehicles on a regular basis up and down the right of way both to visit the mailbox which plaintiffs placed (with the CT Page 4603 address of 79A Pine Woods Road) at the entrance of the defendants' driveway at Pine Woods Road (the defendants' address is 79 Pine Woods Road) as well as using the right of way by vehicle and by foot and other means to get the Learned children to the school bus stop at the intersection of the defendants' driveway with Pine Woods Road, if continued for 15 years would have ripened into an easement by prescription. The evidence, however, clearly shows that in the years immediately prior to the Learneds' purchasing their property, the use of the right of way by the predecessors in title to the Learneds, the Wrights, was much less frequent, since the Wrights used the right of way only for occasional recreational use, and for hauling hay and wood out of some of the lots to Pine Woods Road. The Wrights owned the property for 20 years (from 1972 to 1992) and used the property as a weekend retreat, occasionally staying for as long as a couple of weeks at the longest. There was also use of the property for hunting purposes during the relevant hunting seasons in the fall and winter. The court finds that for no period of 15 consecutive years was there such a continuous open, visible, and hostile use of the right of way by the Wrights as to permit the creation of a right of way by prescription. Particularly damaging to any claim in this time period is the period after Mr. Wright's death when his widow who testified before the court indicated that her access was mostly through the driveway to Kuehn Road. The claimed easement was not passable by vehicle in the early 1980's.
Indeed plaintiffs' counsel conceded at oral argument that any claim of a prescriptive right must be based on a 15-year period ending no later than May 3, 1961. Thus the court must examine the testimony concerning the use of the property during the period prior to 1961. There is no doubt in the court's mind that for the period of time when Alta and Walter Main (who owned the property now owned by the plaintiffs from 1936 to 1972) were using the property as their full-time residence, they had no access to any road except Pine Woods Road, and that access was over the alleged right of way. Such use was of a nature that would easily ripen into an easement by prescription. Alta Main is the same person as Alta Armstrong, her first husband Walter Main having died around 1951 or 1952. Alta Main became Alta Armstrong when she married Harold Armstrong.
The first date that the court credits as to Alta and Walter Main's occupancy of the property as their home (or for any other purposes) was in 1938. While it is true that Alta and Walter Main CT Page 4604 took title to that property from Walter Main's father Dwight Main in 1936, the court has heard no credible evidence that it was occupied (or indeed that it was possible for the property to be occupied) until 1938, when Ms. Doris Kimball has a memory as a five year old of visiting her Aunt Alta at the property. Thus any 15-year period of prescription must begin no earlier than 1938 and therefore must continue until 1953. The testimony is unclear at best as to what happened after the death of Walter Main. The court finds (and it is really not disputed) that at some period of time after her husband Walter's death, Alta Main moved into Hopkinton, Rhode Island to live with relatives (to whom she later transferred this very property). It is also clear that a: some point Alta Main and her new husband Harold Armstrong built another home on Kuehn Road in the general vicinity of this property but on the other side of the street known as Kuehn Road. Around 1948 to 1950 access was obtained to Kuehn Road from the property now owned by plaintiffs, although initially the access was little more than a path. After careful reflection, a review of the evidence leads the court to conclude that plaintiff has failed to prove by a preponderance of the evidence that there was any significant use of the alleged right of way after the death of Walter Main. Therefore the plaintiffs have failed to prove a consecutive period of 15 years of use of the disputed right of way sufficient to ripen into an easement by prescription.
There is an additional problem with plaintiffs' claim of a prescriptive right of way, and this again implicates the "Belden parcel". As indicated above, there is no evidence before the court as to where the Belden parcel came from or who owned it prior to October 1998 when the property was conveyed to the defendants. There is a deed reference in Plaintiffs' Exhibit 22, the deed to defendants of the Belden property, to a premises recorded in Volume 13 of the Stonington Land Records and the court notes that Exhibit 22 was recorded in Volume 122 of theNorth Stonington Land Records.[1]
The court is satisfied that nothing short of heroic efforts have been made to solve the puzzle of just where the Belden property figured into boundary lines and land descriptions in the relevant time while this disputed right of way was in use. It is apparent from the lack of evidence that those efforts were not successful. Regardless of whether the evidence is available or not, the absence of essential evidence is a difficulty that must be borne by the parties with the burden of proof, which of course in this instance are the plaintiffs. Without proof that the CT Page 4605 Belden tract was owned by someone other than Walter and Alta Main at the time of their use of this disputed right of way as their only access to their home, there can be no adverse use proven as to that parcel in any event. Thus, for this additional reason, plaintiffs' claim to a prescriptive easement must fail.
For the foregoing reasons judgment will enter for the defendants. Judgment will further enter in accordance with Connecticut General Statutes 47-31 quieting title to the property known as 79 Pine Woods Road in North Stonington which property is described in a deed recorded at Volume 108, page 855 of the North Stonington Land Records as well as quieting title in the defendants Shawn Michael Ward and Andrea Willets-Ward to an additional parcel of real property located in the Town of North Stonington and described in a deed recorded in Volume 22, page 765 of the North Stonington Land Records. Title to said parcels to be held free and clear of any claim of easement in favor of property now or formerly owned by Edward Learned and Belinda Learned.
Koletsky, J.