No. 23-570 – *State of West Virginia v. Paglia*

**FILED**
**May 1, 2026**
**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

EWING, Justice, concurring:

I concur with the majority's conclusion that the circuit court abused its discretion in admitting the evidence of the petitioner's supervised release as intrinsic to the crimes charged in this case and that the circuit court's error in admitting the unredacted bodycam footage was prejudicial to the defendant. I write separately to reiterate that, even if the evidence is intrinsic, its admissibility is still subject to the balancing test under Rule 403 of the West Virginia Rules of Evidence. *See State v. Baker*, 230 W. Va. 407, 415, 738 S.E.2d 909, 917 (2013) ("In other words, intrinsic evidence still is subject to Rule 403's test of prejudicial impact. *See* 1 Cleckley, Palmer and Davis, *Handbook on Evidence,* § 404.03[2][a] ('The admissibility of [this] type [of] evidence is viewed under the standards of Rules 401–403.').").

My intent in concurring is to caution circuit courts that finding evidence to be "intrinsic" "is not the open sesame for the admission of otherwise inadmissible evidence." *Kaiko v. Dolinger*, 440 A.2d 198, 200 (Conn. 1981). The key legal distinction between "intrinsic" evidence and "other acts" evidence under Rule 404(b) of the West Virginia Rules of Evidence is that intrinsic evidence is not subject to the requirements of *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994), for advance notice, an in camera hearing, and a limiting instruction. *See, e.g.*, *State v. Harris*, 230 W. Va. 717, 722, 742 S.E.2d 133, 138 (2013) ("This Court has consistently held that evidence which is

1

'intrinsic' to the indicted charge is not governed by Rule 404(b).").  Nevertheless, as with any other type of proffered evidence, the circuit court must conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence prior to admitting intrinsic evidence.  *See Baker*, 230 W. Va. at 415, 738 S.E.2d at 917; *see also Flakes v. State*, 926 S.E.2d 53, 63 (Ga. 2026) ("Intrinsic evidence, like other evidence, is subject to Rule 403."); *United States v. Dixon*, 901 F.3d 1322, 1345 (11th Cir. 2018) ("Intrinsic evidence is still subject to Rule 403, *see United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007), which provides that a district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice,' Fed. R. Evid. 403."); *United States v. Bryant*, 608 F. Supp. 3d 1374, 1378 (S.D. Ga. 2022) ("'All admissible evidence, whether intrinsic or extrinsic, must be weighed against Rule 403 prejudice.'") (citation omitted); *United States v. Bauldwin*, 627 F. Supp. 3d 1242, 1250 (D.N.M. 2022) ("Intrinsic evidence is nonetheless subject to Rule 403."); *State v. Scheld*, No. A-1815-12T4, 2015 WL 6758250, at *4 (N.J. Super. Ct. App. Div. Nov. 6, 2015) ("Intrinsic evidence should be analyzed for admissibility under *N.J.R.E.* 401, 402, and 403.").  In other words, declaring evidence to be "intrinsic" is not an incantation making evidence automatically admissible.

Even if we assumed that the evidence of the petitioner's supervised release is intrinsic, and thereby relevant,[1] its admission in this case was still improper.  The

---

[1] The majority opinion correctly explains why the bodycam audio recordings of the petitioner's statements regarding his prior federal conviction, his supervised release, and

prosecution admitted to the circuit court that the petitioner's federal supervised release was "not relevant to the [State's] case-in-chief." Therefore, weighed under the standard of Rule 403, the admitted, less-than-limited probative value of this evidence necessarily "is substantially outweighed by a danger of . . . unfair prejudice" resulting from the introduction of the unredacted bodycam footage.[2] Accordingly, admission of evidence of the petitioner's prior federal convictions, supervised release, and probation officer would have been an abuse of discretion even if the evidence had been "intrinsic."

For these reasons, I respectfully concur with the majority's opinion in this case.

---

his probation officer do not constitute "intrinsic" evidence and why such evidence is irrelevant and inadmissible. However, for purpose of argument, I accept an assumption that the evidence is relevant. If the evidence of the petitioner's supervised release were truly "intrinsic," it would be relevant because, to be "intrinsic," evidence of the "other act" must be inextricably intertwined with the crime charged, part of a single criminal episode with the crime charged, or "necessary preliminaries" to the crime charged. *State v. LaRock*, 196 W. Va. 294, 312 n.29, 470 S.E.2d 613, 631, n.29 (1996), quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) ("Evidence is intrinsic if it is necessary to 'provide context relevant to the criminal charges.' *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir.2007)."); *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020) ("The fact that the evidence is intrinsic establishes its probative nature"); *United States v. Durham*, 902 F.3d 1180, 1225 (10th Cir. 2018) ("As intrinsic evidence, the [evidence] satisfied Rule 401's 'any tendency' relevance standard.").

[2] In reaching the conclusion that admission of the unredacted bodycam audio was not a harmless error, the majority opinion elaborates on the prejudice to the petitioner.