*Windham,*
July,
1826.

Manning
*v.*
Smith.

| 6 | 289 |
| 66 | 344 |

MANNING *against* SMITH.

In order to acquire a right to the enjoyment of water in a particular manner, by user, the user must have been adverse and uninterrupted for fifteen years.

An adverse enjoyment of water on one close, issuing from another, cannot exist, where there is an unity of seisin and possession of both.

Therefore, where *A.* and *B.* had adjoining closes; and *A.*, having conducted water from *B.*'s close on to his own, enjoyed it, in a particular manner, for a less period than fifteen years, and then conveyed his close in fee-simple to *B.*; and *B.*, after a few days possession, reconveyed it to *A.*; after which *A.* enjoyed the water, in the same manner he had done before, for a period less, but with the former period making more, than fifteen years; it was held, that *A.*, in consequence of such enjoyment of the water, so interrupted, acquired no right thereto, by user.

The subject matter of a deed is to be ascertained from the premises.

By a deed of land, described as such, an easement not naturally and necessarily belonging to the premises, will not pass.

The *habendum* of a deed, though it may sometimes enlarge the estate granted, can never extend the subject matter of the grant.

Therefore, where the subject matter of a deed, as described in the premises, was a certain piece of land, and the *habendum* was of "the premises, with all their appurtenances;" it was held, that a right to the use of water, conducted artificially on to the premises from other land of the grantor, in the manner in which it was enjoyed by him, at the time of the grant, did not pass by such deed.

This was an action of trespass *quare clausum fregit*, tried at *Brooklyn, September* term, 1825, before *Bristol*, J.

More than fifteen years before the commencement of this action, *Nathaniel Manning*, the plaintiff's father, who then owned the land described in the declaration, placed an aqueduct in the land of the defendant; and, by means thereof, conducted the water out of its natural course, from a spring on the defendant's land, on to his own land; and at the end of the aqueduct, placed a trough, at which his cattle were accustomed to drink. In this way, the water was used by him, during his life, and by his heirs afterwards, until the plaintiff, being appointed administrator, and duly authorized, sold and conveyed the land to the defendant. This deed was dated the 7th of *June*, 1815, and described the land, by metes and bounds. On the 16th of *June*, 1815, the defendant sold the same land to the plaintiff, and reconveyed it to him, by a deed of that date, describing it, as in the former deed; and immediately after the description were these words: "To have and to hold the premises, *with all their appurtenances*, unto the said *Manning*, his heirs," &c. The plaintiff went immediately into possession of the premises, and

used the aqueduct and trough adversely to the defendant, until the injuries complained of by the plaintiff, were committed by the defendant. Fifteen years had not elapsed between the time of laying down the aqueduct and the conveyance, by the plaintiff, to the defendant; but the period during which the aqueduct had been used, by *Nathaniel Manning* and his heirs, previous to any conveyance, together with the time during which it had been used, by the plaintiff, since his purchase from the defendant, exceeded fifteen years.

Upon these facts the plaintiff claimed, that he had, by *user,* acquired a right to the water, and to have it conveyed to his land through the aqueduct; and if he had not acquired such right, by user, still it passed to him as an *appurtenance,* by means of his deed from the defendant. The judge decided, that the plaintiff had acquired no right to the use of the water, either by user, or by his deed from the defendant; and that, of course, no damage ought to be given, by the jury, on account of any obstruction to such right. The jury returned a verdict in conformity with this decision; and the plaintiff moved for a new trial.

*Goddard* and *Child,* in support of the motion, contended, 1. That the plaintiff had a right to the use of the water by user. This was unquestionably sufficient, unless it was rendered otherwise, by the seisin of the defendant from the 7th to the 16th of *June.* Though it may be true, as a general doctrine, that an easement is extinguished, by unity of seisin, yet a water-course running over adjoining lands, does not come within the rule. 1 *Bos. & Pull.* 374. n. citing *Sury* v. *Pigot, Poph.* 166. S. C. *Latch* 153. S. C. 3 *Bulst.* 340.

2. The defendant's deed of the 16th of *June,* conveyed this right to the plaintiff. In the first place, this was comprised in the description of the premises. There was a watering-place on the land, when the plaintiff bought it; and the defendant sold it as it was. Secondly, the right passed by the *habendum,* as an *appurtenance. Com. Dig. tit.* Grant. E. 9. *Co. Litt.* 121. *b. Guy* v. *Brown, Moore* 644. *Nicholas* v. *Chamberlain, Cro. Jac.* 121. *Archer* v. *Bennett,* 1 *Lev.* 131. *Doane* v. *Broad-Street Association,* 6 *Mass. Rep.* 332. *Leonard* v. *White,* 7 *Mass. Rep.* 6. 8. *Story* v. *Odin,* 12 *Mass. Rep.* 157. The office of the *habendum* is to determine *what estate or interest* is granted by the deed. 2 *Bla. Comm.* 298. 1 *Swift's Dig.* 122.

*H. Strong*, contra, contended, 1. That the plaintiff acquired no right to the water, by *user ;* there not having been an uninterrupted adverse enjoyment for fifteen years. The adverse enjoyment was interrupted, by the seisin and possession of the defendant, from the 7th to the 16th of *June.* During that period, the defendant was the owner in fee of both pieces of land. His enjoyment could not, from the nature of the case, be adverse ; and the motion shews no adverse enjoyment in any one else.

2. That the plaintiff acquired no right, by *grant.* First, it was not embraced by the *premises,* as the spring was on another piece of ground. Secondly, the words in the *habendum,* though they may enlarge the *estate* granted, cannot extend the *subject matter* of the grant. The case of the *Abbesse of Sion,* 38 *Hen.* 6. 33. cited *Hob.* 161. *Needler* v. *The Bishop of Winchester, Hob.* 220. 131. Thirdly, the word " *appurtenances*" (none being specified) will not convey any thing, except what was *legally* appurtenant to the land in the hands of the grantor. *Com. Dig. tit.* Fait. E. 10. cites *Jon* 310. (*a*) *Clements* v. *Lamberts,* 1 *Taun.* 206. *Whalley* v. *Thompson,* 1 *Bos. & Pull* 371. *Grant* v. *Chase* & al. 17 *Mass. Rep.* 443. *Shep. Touch.* 86.

DAGGETT, J. The opinion of the superior court proceeded on the ground, that the plaintiff had no right, on the facts stated, to the water issuing from the conduit on the defendant's land, and thence coming on to the land of the plaintiff. This opinion is alleged to be erroneous for two reasons.

1. The plaintiff's right is attempted to be supported, by *user.* The answer is, the user has not been adverse and uninterrupted. There has been no such possession or enjoyment, for fifteen years, as entitles the plaintiff to an action. The easement was extinguished, by the unity of possession of the defendant of both pieces of land, by the deed of the 7th of *June,* 1815. Since that time no right has been acquired. I am satisfied with this answer. *Clements* v. *Lambert,* 1 *Taun.* 206 Indeed, this ground has not been much pressed in argument.

2. It is insisted, that the deed of 16th of *June,* 1815, of the defendant to the plaintiff, conveyed the easement in question. The words of the deed describe only the *land :*—it is added, "to have and to hold the premises, with all their *appurtenances.*"

(*a*) And see the notes by *Hammond,* in his edition, *vol.* 4. *p.* 280. [or 293. *Day's* ed.]

Manning
v.
Smith.

The defendant having, by a deed of the 7th of the same *June*, from the plaintiff, as administrator of *Nathaniel Manning*, become the owner of the land, if the position first above taken be correct, the deed of the 16th did not convey any right to the easement, unless it belonged *naturally* and *necessarily*, to the premises.   If the conduit had been placed there a month previously, by a stranger, or by the defendant, it would hardly be said, that it was part of the freehold.   It would not be strictly necessary to its enjoyment   *Co. Litt.* 121. *b.* 122. *a.*   "By the grant of a messuage, with the appurtenances, a shop annexed to it for thirty years does not pass, unless it be found to be part of the messuage."   *Bryan* v. *Wetherhead, Cro. Car.* 17.

The subject matter of the grant in the deed, is the *land*, and that does not include the easement, as we have seen.   Can, then, the thing granted be enlarged, by the words "to have and to hold with the *appurtenances*"?   "It is in the *premises* of the deed that the thing is really granted."   3 *Cruise's Dig.* 47. *sect.* 51.   The case of the *Abbesse of Sion*, 38 *Hen.* 6. 33. cited *Hob.* 161.   *Needler* v. *Bishop of Winchester, Hob.* 231.   *Whalley* v. *Thompson* & al. 1 *Bos. & Pull.* 371.   *Grant* v. *Chace*, 17 *Mass. Rep.* 443.   It is the office of the *habendum* sometimes to enlarge the *estate* granted, but never to extend *the subject matter* of the grant; as was correctly laid down, by the counsel for the defendant.

The plaintiff, grantee of the defendant, by the deed of the 16th *June*, might have secured to himself this privilege, by express grant, or by covenants.   He has taken this deed; and it is not for the court to give it a construction not authorized by law.

The superior court, therefore, was strictly correct, in the charge; and a new trial must be refused.

The other Judges were of the same opinion, except PETERS, J., who was not present.

New trial not to be granted.