MARIA CASCIO ET AL. *vs.* GENARO MENGHI.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued April 3d—decided June 5th, 1934.

*Samuel M. Gruskin,* with whom, on the brief, were *Morris Lubchansky* and *Russell H. Corcoran,* for the appellant (defendant).

*George C. Morgan* for the appellees (plaintiffs).

HINMAN, J.   The finding states that in 1893 the title to all of the properties herein involved together with a large tract of adjoining property, located in

New London, was in Lodowick and Julia Leeds who in that year laid out a street or way, herein referred to as Ray Street, running in a general easterly and westerly direction, and sold lots fronting on that street to L. A. Comstock and J. A. Malona, each of whom built a dwelling on his lot. At the same time, they laid out a way running southerly from the easterly end of Ray Street across their land to Evergreen Avenue, in the approximate location of the way in dispute in this action. In a mortgage deed given by them in 1893, the land mortgaged is described as beginning at a point on this "private way or street." This way provided the only means of access over which the owners of land on Ray Street who were grantees of the Leeds had any right of passage to Evergreen Avenue, and it was used by those owners for that purpose, although there was considerable use of shortcuts over other property. It is found that it was the evident intention of the Leeds to make this a way of access for all lot owners on Ray Street. In 1893 the city of New London constructed a water main and placed a hydrant within the lines of this way, running north from Evergreen Avenue.

In 1918 the defendant became the owner of a tract of land with a frontage on Evergreen Avenue extending northerly to Ray Street and including all of the land over which runs the way in dispute with the exception of a small triangular piece at the southeasterly corner. James O'Neil then owned two tracts on the southerly side of Ray Street, one on the easterly side of this way, and another further west and bounded easterly by land of the defendant. He also owned another tract on the northerly side of Ray Street opposite the northerly end of the way running north from Evergreen Avenue. In 1918 the defendant, through Loren E. Daboll, a civil engineer, as his agent, nego-

tiated with O'Neil, for whom James R. May acted as agent, for an exchange of properties between them so that the westerly line of the tract owned by O'Neil adjoining the way could be straightened, and Daboll, acting for both, prepared a map and plan on which was shown the lots to be conveyed by each to the other, also a roadway forty feet in width running northerly from Evergreen Avenue to Ray Street which was marked on the map "To be dedicated for street by Genaro Menghi." On November 13th, 1918, the defendant conveyed to O'Neil a triangular lot of land located on the easterly side of this roadway or street, by deed in which the lot is described as commencing at a designated point, "thence northerly with the east line of a proposed street laid out across land of the releasor," and reference is made to the map. On February 18th, 1919, O'Neil conveyed to the defendant his tract located further west on the southerly side of Ray Street, this deed also referring to the map, which, together with the deeds, was recorded in the land records. So far as appears no consideration passed between the defendant and O'Neil other than the benefit gained by each of the parties.

Subsequently the defendant offered the roadway as shown on the map to the city of New London as a public highway, but the city refused to accept it as such. Thereafter the defendant improved a portion of it so as to provide convenient access to his house and property near the corner of Ray Street, where he conducted a greenhouse business. The roadway became and now is generally known as Menghi Street and from 1918 to the commencement of this action was used continuously by persons residing on Ray Street as a means of access therefrom to Evergreen Avenue and the highway system of the city. The

traveled portion of Menghi Street at no time was over seventeen feet in width.

On February 24th, 1920, O'Neil conveyed to the defendant the tract of land on the easterly side of Menghi Street including the triangular lot conveyed by the defendant to him as hereinbefore stated. He continued to own the tract on the northerly side of Ray Street until his death, when the title became vested in Eugene O'Neil, and on March 31st, 1926, he conveyed it to the plaintiff Jiovanina Cascio and her husband, Guiseppe Cascio. The plaintiff Jiovanina Cascio is the owner of an undivided one-half interest in this land with a dwelling thereon. Ocean Avenue is one of its boundaries and pedestrians going uptown from Ray Street have from time to time crossed it to this avenue. The plaintiff Maria Cascio is now the owner of the lot, with dwelling thereon, located on the northerly side of Ray Street, above mentioned as having been conveyed by Leeds to Comstock in 1893.

On April 10th, 1931, the defendant erected a fence across Menghi Street so that the plaintiffs were unable to use it for passage between their properties and Evergreen Avenue. The present action was thereupon brought, and a temporary injunction was issued restraining the defendant from interfering with the plaintiffs in the use of this way, which injunction was made permanent by the final judgment appealed from.

From the facts found the trial court reached conclusions that from 1893 to the time Menghi Street was laid out by the defendant there was a right of way appurtenant to the lots on Ray Street over a strip of land in the approximate location of Menghi Street for access to Evergreen Avenue, and that such right of way not only arose by necessity and by direct intention of Lodowick and Julia Leeds but also was supported by facts sufficient to establish it by prescrip-

tion; that in the exchange of deeds between the defendant and O'Neil, by intent of the parties the use of Menghi Street became appurtenant to the land owned by O'Neil lying northerly of Ray Street as well as that on Menghi Street, and that the plaintiff Jiovanina Cascio as successor in title has as appurtenant thereto the right to the use of Menghi Street; also that the plaintiffs have a general right of way for all purposes over Ray and Menghi Streets to Evergreen Avenue entitling them and all persons having occasion to go to their properties to a free and unobstructed use of these ways at all times. In consequence, it was further concluded that the defendant's obstruction of Menghi Street was unlawful and that the plaintiffs are entitled to a permanent injunction against further interference in its use by them.

These conclusions are attacked by assignments of error and corrections are sought in findings which are material thereto. While the finding that the Leeds "laid out" a way from Ray Street to Evergreen Avenue lacks confirmation of a layout in a formal or technical sense, it is clear from the reference in mortgages and otherwise that when they first laid out Ray Street and sold lots thereon they intended to and did create a right of way substantially in the present location of Menghi Street. *Robinson* v. *Clapp*, 65 Conn. 365, 383, 32 Atl. 93.

The fact that no road was actually wrought and constructed until the defendant did so, after 1919, does not suffice to negative the previous existence of such a way, as we understand the appellant to claim, especially in view of the use disclosed by the finding and consequent physical evidences thereof. *Phoenix National Bank* v. *United States Security Trust Co.*, 100 Conn. 622, 635, 124 Atl. 540. However, in the absence of facts affording wider significance, rights

therein would enure only to purchasers of land owned and sold by the creators of the way, and in order to entitle the plaintiffs to the benefit of it they must establish that title to the lots now owned by them was in Lodowick and Julia Leeds, or one of them. Therefore the finding that in 1893 the title to all of the properties here involved was in these Leeds is vital, but it is questioned on this appeal and we find it to lack essential support from evidence so far as concerns land lying northerly of Ray Street. The descriptions in the mortgages, which afford the only evidence of the extent and boundaries of the properties owned by Lodowick and Julia Leeds, do not cover any land north of that street. In the deed to Comstock of the lot now owned by the plaintiff Maria Cascio, the grantor was neither Lodowick nor Julia Leeds, but Harry Leeds, whose relation to them, if any, and extent of ownership does not appear. The record affords no information as to the identity of the owner, prior to O'Neil, of the lot northerly of Ray Street now owned by the other plaintiff Jiovanina Cascio and her husband. The correction of the finding, in this respect, which we are obliged to make deprives of support the conclusion that the plaintiffs have an easement by intention or implication.

The finding, when corrected to the extent above indicated, fails to show, not only as to the O'Neil land but also as to the Comstock lot, that they were so surrounded by other land of the original grantors as to preclude access to streets or highways except over other land of those grantors, and therefore is inadequate to support a right of way by necessity as to either lot. The fact that the O'Neil property is found to border at the northeast corner on Ocean Avenue also would seem to militate against a necessity of outlet to Evergreen Avenue, at least in the absence of

further facts negativing the inference arising from that situation and establishing a necessity for use of the way in question. *Marshall* v. *Martin*, 107 Conn. 32, 37, 139 Atl. 348.

The facts found are insufficient to establish as clearly as is necessary, either expressly or by admissible implication, such use—open, visible, continuous, and uninterrupted, and under a claim of right—as is necessary to create an easement by prescription. *Alling Realty Co.* v. *Olderman*, 90 Conn. 241, 247, 96 Atl. 944; *School District* v. *Lynch*, 33 Conn. 330, 334.

The further conclusion that the easement in Menghi Street extends to use of the full width (forty feet) delineated on the map made in 1918 is unwarranted by the facts of record, in that the designation, on the map, of a proposed street of that width was made with the declared purpose of dedication of a public street which was defeated by refusal of the city to accept it. Also, it is uncertain from the evidence that a considerable part in width of the street as delineated on the map does not encroach at its southerly end upon land not owned by the defendant, but designated thereon as owned by T. A. Scott. Rights of the plaintiffs, if established, could extend, on the facts now found, only to a way of such width and location, within the limits of the strip so designated and over land of Menghi, as is required for convenient passage by persons and vehicles between Ray Street and Evergreen Avenue.

There is error and a new trial is ordered.

In this opinion the other judges concurred.