## JOSEPH GLANZ'S APPEAL FROM BOARD OF ZONING APPEALS OF NEW HAVEN

Superior Court    New Haven County    File #51745

Present:  Hon. ALFRED C. BALDWIN, Judge.

Joseph Weiner,              Attorney for the Appellant.

Vincent P. Dooley;
Harold C. Donegan,         Attorneys for the Appellee.

**123 Conn. 311**        **MEMORANDUM FILED MARCH 27, 1937.**

BALDWIN, J.  Since the filing on March 8, 1937, of the Memorandum of Decision in this matter, 4 **Conn. Sup.** 462, the attention of the Court has been called to **section 5 of chapter 280 of the Public Acts of 1929,** the provisions of which are as follows:

"Sec. 5.  This act shall not apply to the City of New Haven."

This section escaped the attention of all concerned with this matter until after the filing of the Memorandum referred to.

In view of the provisions of the section quoted and the method of dealing with it by the Revision Commission of 1930, and in view of the opinion of those in authority in the City of New Haven, that, because of the provisions of the section quoted, an application for a certificate of approval for the location of a station for the sale of gasoline and other products is subject to the jurisdiction and control of the Mayor and not to that of the Board of Zoning Appeals, it is well to review the legislative history of this matter.

The first legislation we have touching this subject of licensing the sale of gasoline to be used as a fuel for motor boats or motor vehicles is found in **chapter 166 of the Public Acts of 1919, in section 6,** of which authority is conferred upon the Commissioner of Motor Vehicles to grant such license.

The provisions of this section, with some additional provisions, not however changing the licensing authority, were re-enacted in **section 2 of chapter 140 of the Public Acts of 1925.**

These provisions were then amended by **chapter 234 of the Public Acts of 1925,** this amendment providing that in a city or town having more than ten thousand inhabitants, according to the last preceding census of the United States, an applicant for such a license should first obtain and present to the Commissioner a certificate of approval of the proposed location from the Mayor of such city or the Board of Selectmen, as the case may be, provided the location of the station or pump did not adjoin a trunk line or state aid highway.

Here we have introduced into the statute for the first time the certificate of approval of location, and such certificate is required only in cities or towns having over ten thousand inhabitants and the certificate is, if issued, to be issued by the mayor or selectmen, as the case may be.

**Sections 1, 4 and 5 of chapter 245 of the Public Acts of 1927** further amend these provisions and also introduce some complications, not necessary here to be considered. This act repealed **chapter 234 of the Acts of 1925.**

The next legislation we find is **chapter 280 of the Public Acts of 1929.** Under the provisions of section one of this act the certificate of approval if granted is to be issued by the selectmen or town manager, the mayor of the city, or the warden of the borough, as the case may be, in which the station or pump is to be located, except in any city or town having a zoning commission and board of appeals, in which case it shall be issued by the board of appeals.

Here we have the Board of Appeals for the first time as the authority for the issuing of the certificate of approval, and it is section 5 of this act which provides, "This act shall not apply to the City of New Haven", which is the provision quoted early in this memorandum and the provision giving rise to this present discussion.

It is to be noted that section 6 of this Act repeals **sections 1, 4, 5 and 6 of chapter 245 of the Public Acts of 1927,** and it is under the provisions of these sections (now repealed) that the mayor of the City of New Haven had authority in the matter.

The provisions of **section 5 of chapter 280 of the Acts of 1929,** excluding New Haven from the provisions of that chapter, followed by the absolute repeal, without exception as to New Haven, left New Haven without authority, certainly in the mayor, as to such certificates of authority. The printing of this **section 5 with the Special Acts of 1931,** following the index does not appear to help the situation. It does not appear in **volume XXI of the Special Acts** which is the bound volume including the Special Laws of 1931 and 1933.

The next act we have is **section 1662 of the General Statutes, Revision of 1930,** which, in so far as New Haven is concerned, places this authority to issue the certificate of approval in the Board of Zoning Appeals. This provision became effective under the provisions of **chapter 342 of the Public Acts of 1931.**

The further legislation had upon this subject is found in **section 311a of the Public Acts of 1931, section 460b of the Public Acts of 1933,** and **sections 646c and 647c of the Public Acts of 1935,** not any of which change the authority having jurisdiction over the question.

The Board of Zoning Appeals of the City of New Haven is the proper authority as determined in the Memorandum filed in this matter March 8, 1937.