## JOSEPH N. BELANICH, ET AL.
### vs.
## ROBERT V. DAMBERG

Superior Court  New Haven County  File #51241

Present:  Hon. ERNEST A. INGLIS, Judge.

Earle A. Barker,  Attorney for the Plaintiffs.

Frederick R. Houde,  Attorney for the Defendant.

## MEMORANDUM FILED JUNE 1, 1937.

INGLIS, J. The questions raised by this demurrer are as to whether on the facts alleged in the complaint the respective plaintiffs acquired by virtue of conveyances made to them by the defendant the easement of a right of way over a strip of land now owned by the defendant and as to whether by the same conveyances they acquired an easement to maintain and keep water and gas mains under said strip of land as appurtenant to their properties.

As regards the right of way, it appears that in the conveyances to two of the plaintiffs the land conveyed was bounded on the north by a "proposed road, 12 feet wide", and in the conveyance to the third plaintiff the description included so much of the "proposed road" as ran through that property and contains the statement "a proposed roadway runs through the north side of said premises".

Under such circumstances the law is well settled that the defendant is estopped to deny the plaintiffs a right of way over the proposed roadway referred to in the deed.

**Buckley vs. Maxson, 120 Conn. 511, 518.**

The "proposed roadway" is the strip of land over which the plaintiffs are claiming a right of way.

Moreover under the facts set up in the complaint it is apparent that the plaintiffs would be entitled to a right of way by necessity.

As regards the claimed easement to maintain gas and water pipes, the plaintiffs apparently make three claims. In the first place, it is alleged in the amendment to the complaint that "said" mortgages contained the usual covenants including the following "with the appurtenances thereof", and, as regards the other plaintiff, he "did purchase said property receiving a warranty deed from the defendant with the appurtenances thereof". If by those allegations is meant that in the habendum clause of the various deeds, "appurtenances" are referred to, that adds nothing to the strength of the plaintiffs' position. The habendum clause defines and may enlarge the estate granted but it cannot enlarge the property conveyed as that is described in the description contained in the deed.

### Manning vs. Smith, 6 Conn. 289.

If, on the other hand, the complaint means that the "appurtenances" are included in the description without specific description of them, that likewise would not strengthen the plaintiffs' position, because at the time of the conveyances no such easements existed. Up to the time of the conveyances respectively the defendant owned both the land which the gas and water pipes served and the land through which they ran. There was therefore no dominant, and no servient tenements. Accordingly, there could be no easement. It is of course true that where an easement exists appurtenant to a piece of land, the conveyance of that land "together with the appurtenances" carries with it such easement. **Schroeder vs. Taylor, 104 Conn. 596, 601; Alling Realty Co. vs. Olderman, 90 Conn. 241, 251; Blanchard vs. Maxson, 84 Conn. 429.** But where no easement exists at the time of the conveyance there obviously is nothing to pass under the word "appurtenances".

### Manning vs. Smith, 6 Conn. 289.

In the second place the plaintiffs apparently claim that under the circumstances the conveyances created an implied easement to maintain the water and gas pipes. It is the law of this state that a deed may be so interpreted that there will be presumed from the conveyance itself an intent on the part of the grantor to grant such rights and privileges connected with the property as are necessary for the reasonable enjoyment of the property conveyed so far as he has power

to grant them.

**Whittlesey vs. Porter, 82 Conn. 95, 101.**

**Bushnell vs. Proprietors of Ore Bed, 31 Conn. 150.**

In applying that principle of law it must be borne in mind that "the word 'necessity' (or necessary) and the term 'reasonable enjoyment' can have no fixed arbitrary and unyielding meaning but must find their explanation in view of the situation of the parties, of the nature, character and adaptability of the property, and in the light of the surrounding circumstances."

**Robinson vs. Clapp, 65 Conn. 365, 387.**

It has been held commonly that where the owner of a tract of land subdivides it, installs a system of water pipes to carry water to the various lots and then conveys the lots to individual purchasers without specific grant of the easement to maintain such pipes over land which he has not sold, then the law will imply the grant of such an easement.

**19 C. J. 938 (Easements, Sec. 143).**

In the present case therefore it is probable that the law would imply the grant of such an easement as the plaintiffs claim. It would do so, however, only if under all of the circumstances, in view of the nature, character and adaptability of the property it appeared that such an easement was absolutely necessary for the reasonable enjoyment of the property. With this in mind it certainly cannot be said in passing on a demurrer that as a matter of law no grant of such an easement could be implied in this case.

In the third place the plaintiffs set up facts in the amendment to the complaint which they may well claim that the defendant is now estopped to deny that they have the right to maintain the water and gas pipes. Whether such an estoppel exists is a question of fact which cannot be decided upon demurrer.

For the foregoing reasons the demurrer is overruled.