## SEBASTIAN WITTNÉR ET AL.
*vs.*
## JOSEPH MOREIRA ET AL.

Court of Common Pleas    Hartford County    File No. 41101

MEMORANDUM FILED APRIL 20, 1942.

*Alvin C. Leone,* of Hartford, for the Plaintiffs.

*Cornelius D. Shea,* and *Marvin Apter,* of Hartford, for the Defendants.

BORDON, J. The evidence offered in support of the defendants' two "special defenses" falls far short of establishing the roadway in question as a public street or as a private right of way or easement appurtenant to the defendants' use of their property. It is true that at certain times of the year, particularly during the hunting season, a few people asked for, and were granted, permission to cross the plaintiffs' land for access to the woods in the rear. It is even possible that a few passed over this property unnoticed by the plaintiffs and without their permission or knowledge, but it cannot be said that this happened with sufficient frequency or regularity or as an appurtenant and necessary public use of the wooded land to establish a public right over the plaintiffs' land. Nor does it appear that such use was open, visible, continuous and uninterrupted, and under a claim of right by any of the users, indicating an intention to create an easement by prescription. *Cascio vs. Menghi,* 118 Conn. 436, 443. It would give them no more right over the plaintiffs' land than over the wooded, or other land, upon which they hunted or which they traversed.

It also appears that somewhere between 1912 and 1916, the plaintiffs gave one Felber the right to cross their land as a means of ingress to or egress from a shack occupied by him on land now owned by the defendants. It may well be that if this use had continued for a period of 15 years, Felber and his successors in title would have acquired a prescriptive right to use the roadway in question.

The actual, uninterrupted use of a passway under a claim of right by the owner of abutting land, for more than 15 years, in going to and from the rear of his premises to the highway, is all that is essential to the acquisition of a title by prescription; and the fact that the use began as a result of an oral grant by the owner of the passway, instead of militating against the adverse character of the use, only serves to emphasize it. *Alling Realty Co. vs. Olderman,* 90 Conn. 241.

But Felber's use of the roadway lasted only for a few years (including the use of the shack by bootleggers after Felber left it), and thereafter the use was abandoned and the right terminated and extinguished. The few times that Stark passed over the roadway to deliver grain to Felber, or to attach his

tools, may be regarded as part of Felber's permissive use which expired with the abandonment of the shack. The evidence of Mitchell fails to support the defendants' contention of a general user, for neither he nor his father ever approached the roadway from the front, but used the rear part of it only in connection with visits to the plaintiffs' home. Such use can hardly be regarded as hostile or adverse, but, on the contrary, must be regarded as a recognition of the plaintiffs' claims that no public use was made of their land. The testimony of Thurz establishes the fact that on about ten occasions in 1923 and 1924 he passed over the plaintiffs' land with loads of wood which he had cut in the rear thereof, but such use was not so open, continuous or uninterrupted as to constitute a general public user for a period of 15 years. At any rate, regardless of what use may have been made of the roadway in question by friends, neighbors, or the general public, there is no evidence at all that anyone had used it during the 15 years preceding April, 1941, but there is ample evidence that the plaintiffs used it as their own property, unencumbered by public or private rights or claims, and that they made and unmade roads upon their property for their own use and convenience and in accordance with their own planned uses of the land in question.

The defendants do not have a right of way, by necessity, to their land over the plaintiffs' because the evidence fails to disclose the creation thereof, expressly or by implication, by a common grantor. Furthermore, the fact that part of the defendants' land borders on Bell Street militates against the necessity of outlet over the plaintiffs' land, at least in the absence of further facts negativing the inference arising from the situation and establishing a necessity for the use of the way in question. *Marshall vs. Martin,* 107 Conn. 32.

The implication of a grant never arises from considerations of mere convenience or economy; there must exist a necessity, either absolute, as in cases where the grantee has no access to his property except across the land of his grantor, or reasonable, as in cases where other means of access, though available, are of such a nature as would not afford the grantee any real, beneficial enjoyment of his property. *Marshall vs. Martin, supra.*

A reasonable necessity for a right of way does not exist where the grantee can, at a reasonable cost on his own estate

and without trespassing upon his neighbors', create a substitute. *Marshall vs. Martin, supra.*

Failure to prove a common grantor and the availability of another outlet over the defendants' land militate against finding the existence of a right of way by necessity.

The defendants were warned by the plaintiffs that they had no right to pass over their property. Without color of right, and with constructive force, the defendants have been driving over the plaintiffs' land in flagrant violation of their property rights. If the plaintiffs had taken matters into their own hands, as the defendants have done, the results of such conduct by the defendants might have been more serious.

Judgment may be entered for the plaintiffs to recover the sum of $200 from the defendants for the destruction of the plaintiffs' crops and for the continuing trespass. Judgment may also enter restraining the defendants, permanently, from passing over the plaintiffs' land in accordance with the second prayer for relief.

A judgment file should be prepared by plaintiffs' counsel and submitted to the court for approval.