[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action claiming trespass to an easement and violation of the Connecticut Unfair Trade Practices Act (CUTPA). Based upon a fair preponderance of the credible evidence presented at trial, the court finds the following material facts proven.
The plaintiffs own a parcel of land known as 28 Short Beach Road, East Haven, Connecticut, located at the intersection of Short Beach Road and Brown Road. The defendants own an adjacent parcel of land known as 2-22 Short Beach Road. Both parcels were held in common ownership until 1978 when the common owners, Warren Newton and Gerald Beauton, conveyed 28 Short Beach Road to the plaintiffs and conveyed 2-22 Short Beach Road to the predecessor in title of the defendants. The defendants purchased their premises in 1987.
Since 1941, access to city water lines has been available to property owners on both Short Beach Road and Brown Road along the entire frontages of both the plaintiffs' and the defendants' parcels. However, since 1954, the house on the plaintiffs' parcel was connected to the city water line in Short Beach Road by means of subsurface water pipes running under what eventually became the defendants' parcel. The plaintiff, Charles Talmadge, was aware that his house was connected in that manner to the city water system and, as long as he could remember, the water pipes had been so used without any problem. No substantial repairs had been performed on the underground water pipes for a long time. CT Page 5599
The deed conveying 28 Short Beach Road to the plaintiffs contains no reference to any easement for water lines as appurtenant to the premises. Neither does the deed conveying2-22 Short Beach Road to the defendants contain any reference to an easement for water lines.
The defendants did not know, at the time of their purchase of 2-22 Short Beach Road in January 1987, that their property contained subsurface water lines running to the plaintiffs' house. Defendants did not become aware of the existence of those pipes until several months after their acquisition of 2-22
Short Beach Road. At the time defendants purchased their parcel, there was no visible evidence above ground that a water pipe ran from Short Beach Road under the defendants' property to the plaintiffs' property.
During the summer of 1989, the defendants experienced a chronic accumulation of water on a portion of their premises. On August 8, 1989, they dug up the area involved to determine the source of the water. They discovered that a water pipe had broken and was leaking. Although the defendants engaged a plumber to attempt to repair the broken pipe, repairs were not feasible because of the age and condition of the pipe. As a result, the defendants discontinued use of the old pipe and, at their own expense, installed new water pipes to provide service to the dwellings on their property. The defendants were not obligated to notify the regional water authority before discontinuing service through the old pipes.
As the result of discontinuing use of the damaged water pipes, water service was terminated to the plaintiffs' house through the subsurface pipes on the defendants' property.
The plaintiffs requested that the defendants restore their water service but defendants declined to do so. From the plaintiffs' viewpoint, the most expeditious and economical way of restoring water service was to repair or replace the severed water pipes. The plaintiffs paid to connect their house to city water service using a direct line from their house to the water line in Brown Road. The new water line was installed entirely within the plaintiffs' premises. The plaintiffs spent $5,554.63 for installation. Other expenses claimed were not sufficiently substantiated.
With the exception of five or six nights which the plaintiffs' family spent at a motel, the plaintiffs continued to reside at 28 Short Beach Road after August 8, 1989. Work on the installation of a new water line was commenced on September 14, 1989, and completed approximately three to four weeks later. The existence of ledge on the plaintiffs' property made the CT Page 5600 connection to the water line in Brown Road more difficult and expensive than otherwise. However, ledge is not a unique condition in that area. The plaintiffs and the defendants have never had a business relationship of any kind.
The plaintiffs assert causes of action in the First and Second Counts of their Amended Complaint based on a theory of trespass to an easement. The plaintiffs assert that the defendants interfered with their easement for the existing water pipes and, thus, are responsible for the cost of installing alternate water lines.
Initially, the court notes that the plaintiffs must prove that they had an easement for use of the subsurface water pipes on defendants' property. Mere prior usage of the water lines, in the absence of proof of an easement by grant, prescription or implication, does not provide a basis for a cause of action for termination of the usage. Botsford v. Wallace, 69 Conn. 263,271 (1897). Proof of ownership of the easement is an essential element in the plaintiffs' case. Barrs v. Zukowski, 148 Conn. 158,164 (1961). The court concludes that the plaintiffs have failed to sustain their burden of proving ownership of an easement under any relevant theory.
A. EXPRESS GRANT OF EASEMENT
Plaintiffs have never claimed to have an easement acquired by any express grant by deed concerning use of the water pipes running under the defendants' land. Neither the plaintiffs' deed nor any deed in the chain of title of the defendants' parcel contains any language creating an express easement in favor of the plaintiffs for usage of the water pipes.
B. PRESCRIPTIVE EASEMENT
Section 47-37 of the Connecticut General Statutes, which controls acquisition of easements by prescription, provides as follows:
 "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."
The nature of the adverse use required to obtain a prescriptive easement under the statute is similar to that which is required to obtain title to land by adverse possession. "To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years CT Page 5601 and made under a claim of right." Andrzejczyk v. Advo System, Inc., 146 Conn. 428, 431 (1959); Klar Crest Realty, Inc. v. Rajon Realty Corporation, 190 Conn. 163, 168 (1983).
The plaintiffs have failed to prove the necessary elements of an easement by prescription. The plaintiffs' and defendants' parcels were held under common ownership until 1978. No prescriptive use of any easement over the defendants' land could have commenced any earlier than the severance of the parcels in 1978. Therefore, as a matter of law, the required fifteen (15) year period of adverse use could not have elapsed by August, 1989 when the alleged trespass occurred. Belanich v. Damberg,5 Conn. Sup. 184 (1937).
It is further noted that the plaintiffs failed to establish that the usage of the water pipes was "open and visible." In order to ripen into a prescriptive easement a use must be ". . . so open, visible, and notorious `as to give the owner knowledge and full opportunity to assert his own rights.'" Aksomitas v. South End Realty Co., 136 Conn. 277, 281 (1949).
C. EASEMENT BY IMPLICATION OR NECESSITY
The Connecticut courts have recognized the creation of easements by implication or necessity, in the absence of any express grant or prescriptive rights. The requirements of such an easement are as follows:
(a) unity of title between two parcels of land;
(b) during the unity of title, an apparently permanent and obvious servitude is imposed on one part of the land in favor of another;
(c) the servitude is in use at the time of the severance of ownership of the parcel; and
(d) the continued use of the servitude is reasonably necessary for the fair enjoyment of the parcel which receives the benefit of the use. D'Amato v. Weiss, 141 Conn. 713 (1954).
From the evidence presented, the court concludes that the plaintiffs have failed to establish that the use by plaintiffs of the subsurface water pipes was apparent and obvious. In this regard, the absence of any open, visible evidence on the defendants' premises of the plaintiffs' use of the water pipes operates against the claim of an easement by implication or necessity. Under similar circumstances, the court in Ricci v. Naples, 108 Conn. 19 (1928), found that the absence of visible CT Page 5602 evidence of an underground sewer pipe prevented the creation of an easement by implication or otherwise.
Further, under the circumstances of this use, the easement claimed by the plaintiffs does not meet the test of being reasonably necessary for the fair enjoyment of their property. The evidence does not support the claim that it was necessary for them to obtain water service through pipes running under the land of the defendants. Even without the use of water lines running under the defendants' land, the plaintiffs were able to obtain alternate water service by means of a pipe connected directly to the water line on Brown Road within a few weeks after commencing efforts to restore water service.
It is true that the Connecticut courts have not required absolute necessity in order to establish an easement of the type claimed by the plaintiffs, Powers v. Grenier Construction, Inc.,10 Conn. App. 556, 71 (1987). However, the element of necessity has been strictly construed. Hollywyle Association, Inc. v. Hollister, 164 Conn. 389, 401 (1973). Robinson v. Clapp,65 Conn. 365 (1895).
 "If the situation is such that the landowner has absolutely no access to his property except across the land of his grantor, the presumption is clear and the right undoubted. If he has such access over other land of his own, the mere fact that such access is inconvenient or expensive will not raise the presumption of a grant of a more convenient way over the land of his grantor. It may be, however, that while access to the property is not absolutely cut off, the circumstances of the case are such that the means of access available would not afford the landowner any real beneficial enjoyment of his property. Such a situation would arise when the expense of making a means of access available would exceed the entire value of the property to which access was sought." Marshall v. Martin, 107 Conn. 32, 37 (1927). (Emphasis added)
Contrary to the facts of that case, here the plaintiffs installed the alternate water line at relatively modest expense and were able to continue using their property. Under the facts of this case, the inconvenience and expense which they incurred does not give rise to an easement by necessity. Our courts have refused to find an easement by necessity where a reasonable alternative exists. Cascio v. Menghi, 118 Conn. 436, 442
CT Page 5603 (1934); Leonard v. Bailwitz, 148 Conn. 8, 14 (1960).
For the foregoing reasons, the plaintiffs have failed to establish the existence of an easement by necessity or implication. Accordingly, the First and Second Counts must fail.
CONNECTICUT UNFAIR TRADE PRACTICES ACT
The Third Count of the plaintiffs' Amended Complaint asserts a cause of action under CUTPA, Section 42-110a et seq. of the Connecticut General Statutes. Even apart from the resolution of this issue by the decision on Counts One and Two, this claim is without merit in the absence of any commercial relationship between the parties.
For the foregoing reasons, the court concludes that plaintiffs have failed to prove any cause of action against the defendants upon which relief can be granted by the court. Accordingly, judgment may enter in favor of the defendants on all counts of the complaint.
Barry R. Schaller, Judge